IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE RILEY, | : | CIVIL ACTION |
|    Plaintiff | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | No. 2:18-CV-03017 |
|    Defendants | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2022 upon consideration of Plaintiff's Motion to Substitute a Party Pursuant to Federal Rule of Civil Procedure 25(a) and Defendant's response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**.

**IT IS FURTHER ORDERED,** that Lauronda L. Fletcher, Administratrix of the Estate of Maurice Zamir Riley is hereby substituted as plaintiff in place of Plaintiff, Maurice Riley, Deceased and is hereby authorized to execute any closing papers required and the defendant is hereby authorized to distribute the settlement funds to Plaintiff, Lauronda L. Fletcher, Administratrix of the Estate of Maurice Zamir Riley.

BY THE COURT:

_____
                                  J.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE RILEY, | : | CIVIL ACTION |
|    Plaintiff | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | No. 2:18-CV-03017 |
|    Defendants | : | |

**PLAINTIFF'S MOTION TO SUBSTITUTE PARTY PURSUANT TO
FED. R. CIV. P. 25(a)**

Plaintiff, Maurice Riley, by and Through His Counsel, Michael I. McDermott, Esquire, hereby files Plaintiff's Motion to Substitute Party Pursuant to Fed. R. Civ. P. 25(a), and in support thereof, incorporates herein by reference the appended Memorandum of Law in Support of Plaintiff's Motion to Substitute Party Pursuant to Fed. R. Civ. P. 25(a).

Respectfully submitted:

*/s/ Michael I. McDermott*

Michael I. McDermott, Esquire
Identification No.: 52917
Attorney for Plaintiff
121 South Broad Street, 18th Floor
Philadelphia, PA 19107
(215) 546-2286

Date: 02/02/2022

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE RILEY, <br>    Plaintiff <br> vs. <br><br> CITY OF PHILADELPHIA, et al. <br>    Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br><br><br> No. 2:18-CV-03017 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUBSTITUTION OF PARTY UNDER FED. R. CIV. P. 25(a)**

**TO THE HONORABLE, THE JUDGES OF THE SAID COURT:**

**COMES NOW** plaintiff, Maurice Riley, by and through counsel, Michael I McDermott, Esquire pursuant to Fed. R. Civ. P. 25(a), moves to substitute Lauronda L. Fletcher, Administratrix of the Estate of Maurice Zamir Riley as a named party in place of Maurice Riley and in. In support of this motion, plaintiff states as follows:

I.    **PRELIMINARY STATEMENT:**

   **a. ISSUES PRESENTED:**

   A. Whether Plaintiff's Motion for Substitution of Party Pursuant to Fed. R. Civ. P. 25(a) should be granted?

**SUGGESTED ANSWER: Yes**.

II.    **FACTUAL ALLEGATIONS:**

   The factual allegations are as follows:

   1. Plaintiff, Maurice Riley passed away on January 17, 2017.

   2. The instant action was amicably settled prior to plaintiff's death.

3. On December 14, 2021 Lauronda L. Fletcher was granted Letters of Administration by the Register of Wills of Philadelphia County, Pennsylvania. A true and correct copy of the Letters of Administration are attached hereto as Exhibit "A"

4. Lauronda L. Fletcher, Administratrix of the Estate of Maurice Zamir Riley is plaintiff's mother.

5. Lauronda L. Fletcher, Administratrix of the Estate of Maurice Zamir Riley continues this action for all damages recoverable as a result of the injuries of Mautice Riley as stated in the original Complaint.

### III.    LEGAL ARGUMENT:

Rule 25(a) Federal Rule of Civil Procedure 25(a) governs the substitution of a deceased party. The Rule provides, if a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1). "Rule 25(a)(1) directs that both parties and appropriate nonparties be served with the suggestion of death to commence the 90-day substitution period[.]"Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985); 2 see also id. ("The rule imposes no time limit for the substitution other than that commenced by proper service of a suggestion of death upon the record."). A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Fed. R. Civ. P. 25(a)(3). Thus, regarding both the suggestion of death and the motion to substitute, "a party may be served through his attorney, Fed. R. Civ. P. 5(b), but nonparties must be personally served. Fed. R. Civ. P. 4(d)(1)." Fariss, 769 F.2d at 962.

**IV.    CONCLUSION:**

Based on the forgoing, plaintiff respectfully requests that this court grant Plaintiff's Motion to Substitute a Party.

                                                Respectfully submitted:

                                                */s/ Michael I. McDermott*
                                                Michael I. McDermott, Esquire
                                                Identification No.: 52917
                                                Attorney for Plaintiff
                                                121 South Broad Street, 18th Floor
                                                Philadelphia, PA 19107

Date: 02/02/2022                              (215) 546-2286

## **V E R I F I C A T I O N**

I, Michael I. McDermott, Esquire, attorney for plaintiff, hereby verify that the statements set forth herein are true and correct, to the best of my knowledge, information and belief.

The foregoing statements are made subject to the penalties of 18 P.A.C.S. §4904 relating to unsworn falsification to authorities.

Dated: 02/02/2022

_____
Michael I. McDermott, Esquire

PROOF OF SERVICE

      I hereby certify that on February 2, 2022 a copy of the foregoing was filed electronically. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system:

Service by electronic filing to:

Tara Fung, Esquire
Deputy City Solicitor
City of Philadelphia, Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

*Michael I. McDermott*
Michael I. McDermott, Esquire
Attorney Identification No.: 52917
Attorney for Plaintiff
121 South broad Street
18th Floor
Philadelphia, PA 19107
(215) 546-2286

Date: 02/02/2022